**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                               No. CR 06-1299 JB

JULIO C. CASTILLANO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion Under 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10(b)(c) Pursuant to a Retroactive Two-Level Reduction in Base Offense Level for Cocaine Base, filed May 19, 2008 (Doc. 30)("Motion to Reduce Sentence"). The Court set a hearing for September 11, 2008, but Defendant Julio C. Castillano's counsel did not appear for the hearing. The Court will decide the Motion to Reduce Sentence on the briefs that Castillano and the United States submitted. The primary issue is whether the retroactive amendment of the cocaine base offense levels impact Castillano's case. Because the retroactive amendments did not change the ability of the Court to impose a sentence below the mandatory minimum and because Castillano was sentenced pursuant to a plea agreement under rule 11(c)(1)(c), the Court denies Castillano's motion.

**PROCEDURAL BACKGROUND**

On August 30, 2006, the Court sentenced Castillano after he pled guilty to an Information charging him with Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). See Sentencing Proceeding Before

Judge Browning, filed August 30, 2006 (Doc. 27). In their written plea agreement, the parties stipulated, pursuant to rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, to a 60-month sentence. See Plea Agreement, filed June 15, 2006 (Doc. 22)("Plea Agreement").

After retroactive amendments were implemented, the Court appointed Robert Gorence to represent Castillano for the purposes of filing a motion to reduce his sentence on May 16, 2008. See CJA Appointment, filed May 16, 2008 (Doc. 29). Nevertheless, on May 19, 2008, Castillano filed his Motion to Reduce Sentence pro se. On June 4, 2008, the Court noted that Castillano had filed pro se despite its having appointed an attorney to represent him and ordered the United States to respond to Castillano's motion within fourteen days of the entry of its order. See Order, filed June 4, 2008 (Doc. 30). The United States filed its response opposing the Motion to Reduce Sentence on June 17, 2008. See United States' Response in Opposition to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), filed June 17, 2008 (Doc. 33)("Response").

## ANALYSIS

Castillano contends that he is eligible for a sentence reduction based on the retroactive amendments to the Sentencing Guidelines that reduced the base offense level for crimes involving cocaine base ("crack"). See Motion to Reduce Sentence at 3. Castillano argues that he should receive a two-level reduction to his offense, which would place his advisory guidelines sentence range at 46-57 months. See id. Castillano contends further that he should be re-sentenced to the lower end of the guidelines range, a sentence of 46 months, and that he would thus be eligible for a sentence of time served. See id. at 3-4. The United States, in contrast, contends that Castillano is not eligible for a sentence reduction under the retroactive amendments because his sentence was imposed pursuant to a plea agreement under rule 11(c)(1)©, and because his offense of conviction was subject to a mandatory minimum sentence, which he received. See Response at 2.

-2-

The United States is correct.  Because Castillano entered into a plea agreement pursuant to rule 11(c)(1)(c), and because the offense he pled guilty to was subject to a mandatory minimum sentence of five years, which he received, he is not eligible for a reduction in sentence pursuant to the retroactive crack amendments.

Castillano pled guilty to violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B).  See Plea Agreement ¶ 3, at 2.  This offense carries a mandatory minimum of five-years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Section 3582(c)(2) of Title 18, under which Castillano brings this motion, provides that a court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission."  The Sentencing Commission amended the base offense level for most crack offenses, lowering the base offense level by two levels.  See U.S.S.G. App. C, Amend. 706.  This amendment was made retroactive, effective March 3, 2008.  See U.S.S.G. App. C, Amend. 713.

This change to the base offense levels in the Sentencing Guidelines did not, however, modify the application of the mandatory minimum in 21 U.S.C. § 841(b)(1)(B).  The Court does not find anything in the amendment that would empower it to depart from the mandatory minimum sentence imposed by Congress.  The Sentencing Guidelines themselves, in a policy statement, note that relief under 18 U.S.C. § 3582(c)(2) is not authorized when the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  One reason an amendment might not lower the guideline range is "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)"  Id. at n.1.  Section 3582(c)(2) relief is therefore not appropriate when a mandatory minimum precludes the reduction of a guideline range, as is this case here.  The mandatory minimum sets the floor for the

sentence that Castillano could receive.  Castillano received the minimum sentence of five years, and therefore the crack cocaine retroactive amendments do not provide a basis for him to seek a reduction of his sentence.  See United States v. Lewis, 2008 WL 821953 at *1 (D.Kan.)(slip opinion)(denying reduction in sentence under 18 U.S.C. § 3582(c)(2) where 20-year mandatory minimum applied).

Moreover, Castillano pled guilty pursuant to rule 11(c)(1).  The Court of Appeals for the Tenth Circuit has held that, where a defendant pleads guilty pursuant to an agreement under rule 11 stipulating a specific sentence, then the sentence by definition cannot be one "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).  Instead, the sentence is based upon the stipulation in the plea agreement.  As such, a motion brought under 18 U.S.C. § 3582(c)(2) to reduce such a sentence must be dismissed.  Id.

**IT IS ORDERED** that the Motion Under 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10(b)(c) Pursuant to a Retroactive Two-Level Reduction in Base Offense Level for Cocaine Base is denied.

_____
UNITED STATES DISTRICT JUDGE

Parties and Counsel:

Gregory J. Fouratt
  United States Attorney
Elaine Y. Ramirez
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Robert J. Gorence
Robert J. Gorence & Associates PC
Albuquerque, New Mexico

    *Attorney for the Defendant*

Julio C. Castillano
Youngstown, Ohio

    *Defendant*